Please be seated. We are ready for oral argument in our last case. Good morning. I represent the city of Cambridge, Maryland and its police officers in this case. I know that your honors are very familiar with the background and the The legal issue here is that we assert in this appeal that the district court erred as a matter of law, thus abusing its discretion by awarding attorneys fees in any amount under these circumstances. So we don't dispute that Kane is a prevailing party. However, prevailing party status means only that a plaintiff who obtains nominal damages is eligible for rather than entitled to an award of fees. And in Farrar v. Hobby, the United States Supreme Court held that when a prevailing party recovers only nominal damages due to his failure to prove an essential element of his claim for monetary relief, he achieves only a de minimis and technical victory for which the appropriate fee is no fee at all. And that's what we're asserting here. The reason, the only claim at trial was a claim for wrongful death. And that was after a long history that your honors are well aware of. And the plaintiff, it's not like Mercer, where the jury awarded $1.00. In this case, the $1.00 in nominal damages is because Kane failed to show an It's distinguishable from Mercer in that respect and in many others. And because he failed to show proximate cause as an essential element of his claim, resulting in a nominal damages award only, he's entitled to no fee at all under the law. The jury did. I'm sorry. Go ahead, Judge. No, you go. Well, there can be. There can be cases, obviously, where you recover nominal damages. There are the exception, certainly not the rule, but Mercer was the exception. So there are some circumstances where that fee, an attorney's fee can be awarded, would not be an abuse of discretion to do that. So you may or may not want to address the factors from Farrar that the Mercer court used, but it's not a per se rule that you don't recover damages. I agree with everything your honor said. It's our assertion that this is the usual case in which no fee at all is appropriate. And then if if you do move on to applying the three O'Connor factors and Mercer case, you still end up with the same result, which is that no fee at all is. I think A.G. is asking you to elaborate. Absolutely. So the most critical factor is the first factor, which is the extent of relief sought compared to the relief obtained. And here Cain sought compensatory damages only for wrongful death, and he received none, again, because he did not prove proximate causation as an element of his claim. So in Mercer, this court held that the objective inquiry applies. It's not a subjective inquiry wherein you look to the relief that was sought compared to what was obtained. And here what was obtained was none of what was sought because the plaintiff here sought an unlimited or unknown amount of compensatory damages and received only one dollar after this court held that there was no proximate causation. So Mr. Cain is not similar to Mercer. In Mercer, the plaintiff sought compensatory, punitive, declaratory, and injunctive relief. And as I said, the jury awarded her one dollar in compensatory damages. And then they also awarded her two million dollars in punitive damages, but the court later held that punitive damages were not available. And so this away with extremely limited relief, she was nevertheless entitled to attorney's fees because it was the unusual case. And the reason it was unusual is that her case had established a new rule of law. Now you're into significance. We're into the next factor. Right, and that leads into the second and third factors, exactly. And they overlap somewhat, but the legal significance of the matter on which she prevailed and then the public purpose in Mercer is far different from in this case. Could you make an argument that the public import of this case is at least affected by the fact that the litigation brought to light that the official account of the police practices in this case was perhaps not fully accurate, that the jury had not credited what the official account of what happened was, you know, that the police had in fact knocked and announced. I mean that it turns out there was an official account of a sort of controversial police practice that was exposed as untrue at trial. Is there some public transparency value in that? Well, I would respectfully disagree with the characterization of the jury's verdict because what the jury held, I mean, what they marked off on the verdict sheet was that the officers failed properly to knock and announce. So we just don't know what that meant. Because no special interrogatories were provided to the jury. So we don't know if they feel as if the officers never knocked, and that's what Mr. Kane had alleged, or if the jury believed that they did knock, but they just didn't wait long enough before entering the apartment and they didn't give him a chance to come to the was decided. It was just a purely factual decision by the jury that, hey, they did something wrong. We're not sure what it is, but they violated the knock-and-announce rule in some manner. And so there's a constitutional violation, but there's actually no injury and damages that follow from that because of the lack of proximate causation and the fact that the only claim at trial was for wrongful death. The jury also held that the death was not wrongful. They said it was not excessive force for the police officer, Brian Lewis, to shoot Mr. Cornish because he was coming at him with a knife and he wouldn't drop it. So, no, I wouldn't say that the second or third factors are at all met by the fact that the jury rendered the verdict that it did. And in fact, in Mercer, although her relief was limited, she established a new rule of law being that schools, universities subject to Title IX could not use the contact sports exemption as an excuse to discriminate. And in that case also, part of addressing your question, Judge Harris, is in the Mercer case, there was strong and significant amount of media attention. So once she made the team and she was the first female to ever make the football team, there was extensive media coverage and she was asked to be interviewed by the school's information director. And so in this case, there's no such publicity or significance or new rule of law established, nothing to guide future conduct. The only parties that have an interest in the finding of the jury here are the parties themselves. There was no publicity around this incident in the local area? Is that what you're saying? I do not know of any personally and there's none that I'm aware of in the record. I'm not saying that people in Cambridge didn't know about it or hear about it, but it's not similar to the type of extensive media attention that was Ms. Mercer was the unusual nominal damages case in which a fee was appropriate is because of the fact that she had established a new rule of law. And here we don't have that at all. We have an established rule of law, which is the police officers have to knock and announce before entering. These officers testified that they did knock and announce. The jury in some manner, which we already discussed, believed that they failed to properly knock and announce. And so it's not even close to the situation in Mercer where there's a significant legal issue, there's a public purpose that's going to provide guidance for the future conduct of universities. The district court talked a lot about deterrence. Is deterrence something we look at under these factors? No, because in this case, it only mattered to the parties what the jury's verdict was. There's no reason it would provide deterrence because the law was already established. Police officers already know that when they're executing a search warrant, they have to knock and announce unless the judge has given them permission not to. So it was already a rule of law that was established. Can I ask a question whether a rule of law is established and whether a judgment may have a deterrent effect? I mean, yeah, it's clearly established, but I thought the Supreme Court, in that case, and the name is going to escape me and I apologize, but when they held that there's no exclusionary rule remedy for knock and announce violations, they said that's because judgments in knock and announce cases, in civil cases, will be sufficient to deter. So, I mean, I think we do think about judgments as having a deterrent effect, even if the rule is clear. No? Well, we don't know what the jury's verdict was based on here, so the I actually, I'm not trying to, I totally understand what you're saying. Everything you're saying makes sense to me, but except for the idea that judgments have no deterrent effect where a rule of law is clearly established. I mean, I think the Supreme Court assumed the opposite in this case where they said you don't have to worry about the exclusionary remedy because civil cases, judgments in civil cases, will have the necessary deterrent effect. The  And I agree that that is in the case law, and I agree with you that there's some possible degree of deterrent effect here, but... But doesn't the deterrents go to the judgments? I mean, and liability, right? And damages, as you've recognized. Is deterrents, is the goal of deterrents recognized, also recognized in the case you referred to in the context of attorney's fees? Well, I think that in this particular case, attorney's fees are subject to the three O'Connor factors, as explained in Mercer, so deterrence isn't the only question. And I don't think anyone's deterred by this verdict other than those officers, and... It's simply that, that the deterrents would be the verdict, or deterrents might arguably be whatever the verdict was, rather than the attorney's fees. Correct. I mean, yes, because the attorney's fees are not there to punish the parties. That's not, they're not supposed to be a windfall to plaintiffs, or... I think the... In Farrar v. Hobby, they made that very clear. And so, in this case, you have to look at those three factors, and you just... Every single factor militates against any award of an attorney fee in this case. So, because there's just... The relief sought was definitely not obtained at all, and there's not a significant legal issue. There was a factual finding by the jury that no one's sure what it meant, leading to a determination of liability. However, there's failure to prove an essential element of the claim, and under controlling case law, that means no attorney's fees should be awarded. And so, although the district court awarded an amount that's not extremely high, the point is that there should have been no award at all. I think my time is about up. If there's no questions, I'll sit down. Thank you. Thank you. Mr. Roberts? First of all, Your Honor, I wanna apologize for being tardy this morning. Were you thinking it was perhaps 9.30? I was, so I apologize. It's not a good excuse. I wanted to just immediately pick up on a point that was just raised, and that is really, yes, the judgment would serve as a deterrent. However, you're not gonna get judgments if you don't have attorneys willing to take on these cases. And if you're not gonna provide attorney's fees as an incentive for the attorneys to take the case, you're not gonna get these kind of judgments. That was precisely the point made in the case that Judge Harris was referring to, the Hudson case, in which, in that case, they held that we're not going to apply the exclusionary rule to this kind of a violation. And an important rationale for that decision was because, look, there's gonna be plenty of attorneys, and so that's why it's gonna, we don't need to apply the exclusionary rule. That's in referred to attorney's fees, right? Absolutely. Absolutely. That's the whole, it'd be under 1988. So here we have that kind of a case. I mean, applying these three factors, I will concede under the first factor that the degree of success, obviously, is limited because we did not recover the compensatory damages. However, I think it's important to draw a contrast with the Farrar case. Because in this particular case, we get a nominal damage award against all four officers who were sued here. Unlike Farrar, the verdict was somewhat ambiguous as to what claims he actually recovered on. That's remarked upon by Justice O'Connor. However, in this case, it's quite clear. We proved that four officers, all four defendants violated the decedent's constitutional rights. Now, turning to the other two issues, the significance of the legal issue here, I think, is clearly important. And that's all we need to show. We don't need to show that it has to be novel. My opponent puts a lot of emphasis on the fact that it must be novel. It must be out of the ordinary. People get nominal damages all the time when they don't get attorney's fees. Because as the Supreme Court said, that it's usually the rule that you don't get attorney's fees. And there has to be something really unique and extraordinary about the case. And, you know, what I can announce is not new. I mean, it's been around for a long time. And it's hard to see how this verdict brings anything that's noteworthy to that area of the law. Well, I think I don't think it has to be so extraordinary. What we're given here is three factors to work with. And the judge below obviously found that or determined that the plaintiff was entitled to attorney's fees here. So we're dealing with the judge's decision below that, in fact, it did merit an award of attorney's fees. So we review that for abuse of discretion. We're looking at the factors. And I would just have to agree to disagree with you because I think the right involved here is an important one. We're talking There are lots of important rights. But what makes this case different from any one of the mine run of knock and announce cases? Because you have a verdict where you don't know what the jury did. You don't know what the rationale was. You don't know whether they thought or whether there was even unanimity on the jury as to the rationale. So you don't know whether they thought, well, they didn't knock at all. They knocked, but they didn't wait long enough. Or because we can't give damages because the claim isn't around anymore for emotional damages. We just think this is the right thing to do. And so this is the only place we can do it. Well, I would only respectfully say that pages 113, 114 of the record, this court, when it decided to make the emphasize the fact that there was no knock and announce, it's clear as crystal what the court's determination is in that regard, why it affirmed that and affirmed it on the basis that the evidence supported a verdict that in fact there was no knock and announce. That's clear in this court's decision affirming the district court. That can't be a finding of fact. That was just a statement explaining the basis of the award. You can't really get around the jury's, there is at least, I think you have to concede, ambiguity in the jury's finding on that point. Well, I don't know why then the court, this court, would affirm on the basis it did. It made it clear. It's a different point. It's not a factual point. It's governed by the jury's award. Obviously, we weren't there. I mean, but it's part of this court's rationale for an award of nominal damages. So, but be that as it may, the right, whether we're talking about failure to wait long enough after they knocked or failure to knock altogether, it's an important legal issue. Now... So, counsel, is your position then in the end that there should be, people should be entitled to attorney's fees in every knock and announce violation? No, I'm not contending that. I'm not contending that. I'm only dealing with this particular case. I guess I'm just asking the same question as Judge Agee. How is this case different? Well, I find it, I just find applying these three factors that the district court's award was not an abuse of discretion. You may disagree. I'm not saying, but that the... And the court talked in Hudson about the importance of enforcing it in exactly this way. But I don't see how you couldn't say that about every knock and announce violation leading to nominal damages. It may be that the upshot of your position is there should always be attorney's fees, and that's fine. Well, I mean, it seems to be something that the Hudson case seemed to contemplate. That may be your position. I mean, and I don't think I need to defend the district court's decision by trying to say, well, this is a different type of knock and announce case. We do know that a person died in this particular case. The facts are kind of unique, I think. We're not dealing with a situation where there was just a naked violation. We are dealing with a situation that was highly contested at the trial, whether or not this violation caused a man's death. The jury certainly thought so. Well, sir, it actually did not. I mean, it actually found no excessive force here. Well, that doesn't mean, though, that it didn't find that this violation was a cause of a man's death. It had to find that because there was... If you're going to rely on what this court said, this court said it didn't, that there was an approximate cause. I understand that. I mean, you can't have it both ways. You can't rely on our conclusion when you want to in the district. I'm just pointing out the differences of this particular, the setting of this particular case. So that's the one factor I do think is an important right. And now, obviously, the purpose of the rule is to protect life and limb. So it is an important constitutional right from that standpoint. There are other constitutional rights that are not necessarily protecting life and limb. This certainly is one. And then finally, the public purpose to be served, I believe. Clearly, this vindicates an important constitutional right, but it also serves the important purpose of deterring this kind of violation in the future. The judgment itself serves that. The judgment itself and... Right. And I would just be repeating myself what I said earlier, why that is important to have this kind of a judgment as a deterrent so that attorneys can... Attorneys will take these kind of cases on. So in any case, even if, even if this was a case in which the court was persuaded there was no... This is not an unusual case. Still, the discretion of the court, if it was merely a technical or pyrrhic victory, is that it could award no fees or low fees. In this particular case, the fees were low fees. They were 9 percent of what... Your position is that if we find, in applying these factors from Farrar through Mercer, that there was no basis under any of those circumstances for the award of a fee, in the view of the Supreme Court's repeated assertions that in most of these cases of nominal fees, the usual fee is no fee at all, your position is the district court nonetheless has the discretion to award fees. Because the Farrar case, Judge Scalia's opinion says that. It doesn't say no fees. It says no fees or low fees. That's what the discretion of the court is in that kind of a case. That's the... I put that in my brief. It's quoted from Farrar. No fees or low fees. And this is a, in my view, a low fee. Now, I can also address, with respect to the cross appeal that we've taken, that if, in fact, we've crossed the threshold and meet the test, the Mercer test, that the district court did not abuse its discretion by not doing the work of calculating a reasonable fee. We don't know how the, well, the district court... I don't know how the district court actually arrived at that. No. No, we don't. We don't. It just used a figure that it thought was sufficient to deter the police, to deter these kind of violations in the future, and that's not an adequate basis. But that's why we would think that the cross appeal has merit in this particular case. Well, your fee petition is the best I've been able to determine it from looking through the documents from the record. You've asked for over a quarter of a million dollars for a $1 nominal fee verdict, but nothing in your fee petition attempts to differentiate hours spent on work for which there was no recovery as opposed to hours spent on items for which, arguably, there was a recovery, which is your burden when you present that as an attorney. Oh, right. Isn't that a failure of your burden of proof on its face? I don't believe so, Your Honor, because when I filed the fee petition, this court had not even decided the case. When it... When the fee petitions were before the court that made the award in this case, you were under a continuing obligation to do those things, which you did not do. Well, I believe that if... I believe the work was related. The work on the excessive force case was clearly related to the work to prove the violation of the knock-and-announce rule. If it's related under the Hensley case, we can recover for that. The court has the authority... Are you seriously going to argue that all of your hours, over a quarter of a million dollars' worth, were related sufficiently that you get them all? Well, Your Honor, I know that it has to be reduced because of the limited success, and that's where the court makes a reduction. But absolutely, Your Honor. We actually don't know where the court... I mean, part of the problem here, as you've recognized, is we don't quite know where the court made a reduction. No, yeah. It's very hard with parsing and looking at the petition to understand exactly what the court... No, I understand. Because the court didn't determine, here's a load... It didn't determine the load star, and then it did not make a reduction. But, oh, absolutely, Your Honor. And I tell you that, yes, those services on the excessive force case were clearly related to the work necessary to prove the knock-and-announce violation. They were part and parcel of the same thing. There was no really extra work associated with that. This was a hard-fought, difficult case. And to prove the knock-and-announce violation took a lot of effort and work, all related to the work that was necessary to prove the excessive force. It was all part and parcel of the same thing. I can't even envision how the work would have been less if I had only a pure knock-and-announce violation. I really can't. If there's any other questions, I'll be happy to handle them. No, thank you. Actually, we get to see everybody again, right? We get a cross-appeal and a response to the cross-appeal. You are up, Ms. Scherer. With respect to the issue of deterrence that is brought up by Judge Harris, I wanted to point to Farrar v. Hobby, 506 U.S. 103 at page 122, where that is addressed. And as you know, Mr. Farrar was seeking $17 million in compensatory damages, and the case is similar because of all the efforts and appeals he went through in order to obtain nothing. So the case is similar to our case. And at page 122 of the court's opinion, they talk about section 1988. They state that it is, quote, not a relief act for lawyers, end quote. Instead, it is a tool that ensures the vindication of important rights. And then they talk about Farrar's case in particular, saying, yet one searches these facts in vain for the public purpose this litigation might have served. The district court speculated that the judgment, if accompanied by a large fee award, might deter future lawless conduct. And that's exactly what, maybe, we think, the district court might have done here. And then what does Justice O'Connor say? And then he says... I think it's Justice O'Connor, right? I think this is... It doesn't matter. Because I thought then she went on to say, but there's no... We don't really know what they meant by deterrence. This is in her concurrence, right? But she does not say, that would be crazy. She says... Go on. She says that the district court... We don't know what the message was. We don't know what the message would be because we don't know what the deterrent effect would be here, or something to that effect. Yeah, what is she... She said that the district court did not identify the kind of lawless conduct that might be prevented, nor is the conduct to be deterred apparent from this verdict, which even petitioners acknowledge is regrettably obtuse. But here, the district court did very clearly identify the conduct he thought might be deterred. But that was Judge Motz's opinion. It's not what the court held. You mean the jury found? Exactly. What the jury found with its verdict. Yes. I'm sorry. I thought Judge Motz said, we can deter knock and announce violations. And the jury did, indeed, find a knock and announce violation. It just doesn't seem obscure in the same way it was in Farrar. It is obscure because we don't even know the basis for their verdict. We know there was a violation, and now Judge Motz is saying this will help to deter future violations. I just think that I'm not really arguing the point so much as I'm arguing that it doesn't quite line up with the language you read because I just don't think there's any obscurity here. It may still not work, but I don't think that that passage is really making the point you think it is. Okay. Well, I was trying to address your previous question about that as it goes to the public purpose of the litigation. But taking us back to Mercer and those three factors, I mean, I mean, I don't want to just keep repeating what I said, but I mean, factors two and three here simply aren't met by this verdict. It's a verdict that is obtuse in a sense, and we know there's a technical violation. We're not sure on what basis. There's no reason to believe that the jury thought the officers did not knock at all at the front door or the door of Mr. Cornish. The district court thinks that's what happened, right? Well, there are... Was there any of that testimony about how they had knocked down the outside door and then it turned out there was no physical damage to the outside door? I mean, there's some reason to think the jury was not entirely on board. The district court definitely has its own opinions, and I know that Your Honor agrees with them in your opinion. That was unpublished in our previous appeal. But I think here... What the district court said in the case before us on the record below. I don't dispute that he said that. I think that it's not important here because here we have a verdict that matters only to the parties that were involved. It's a factual decision by the jury. There's no big statement made by this case. It's not even close to what happened in Mercer. It's not even close to being the unusual case in which a fee is warranted. So there should have been no fee at all under the usual rule where nominal damages are obtained because you failed to prove an essential element of your case. That's exactly what Farrar v. Hobby says. Respectfully, I would say this court has to follow that. It's an abuse of discretion for the district court here to not follow that law and go ahead and just award $25,000 in attorney's fees because he thinks it could be a deterrent. If you look at the significance of the legal issue and the public purpose served as Mercer instructs, then you just don't have a situation here where there's an unusual case that warrants a fee award. Do you think that the district court could articulate one based on these facts along the lines that Judge Harris is alluding to? Perhaps he could have, but in this case he did not. He just awarded a lump sum of $25,000 saying first that he thought it would preserve the rule of law and then later saying it would be a deterrent. So I think it just takes me back to what I said before, which is that this is a verdict that's factual in nature and it matters only to the parties that were involved. I don't think it's just not making some big statement that would guide future conduct like you have in the Mercer case. I mean, there it's a matter of first impression, states a new rule of law, and guides the future conduct of other universities. And so it's completely dissimilar, this case, from the Mercer case. I see I'm out of time. Thank you. Thank you. I think we're going to have a question. No, thank you. We will adjourn court. Sonny Dye, you come down and give counsel. Dishonorable Court stands adjourned. Sonny Dye, Godspeed to the United States and dishonorable court.
judges: Allyson K. Duncan, G. Steven Agee, Pamela A. Harris